Matter of Shim (2025 NY Slip Op 01274)

Matter of Shim

2025 NY Slip Op 01274

Decided on March 6, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 6, 2025

PM-64-25
[*1]In the Matter of Jeff Jinsoo Shim, a Resigned Attorney. (Attorney Registration No. 5603121.)

Calendar Date:February 18, 2025

Before:Egan Jr., J.P., Ceresia, McShan, Powers and Mackey, JJ. 

Jeff Jinsoo Shim, Kirkland, Washington, respondent pro se.
Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Jeff Jinsoo Shim was admitted to practice by this Court in 2018 but was thereafter granted leave to resign from the New York bar for nondisciplinary reasons by July 2023 order of this Court (218 AD3d 917 [3d Dept 2023]). Expressing an intention to relocate back to New York, Shim now moves for reinstatement to the New York bar, and the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) opposes his application.
An attorney seeking reinstatement following his or her nondisciplinary resignation must comport with certain procedural and substantive requirements. Here, Shim appropriately submitted an application consistent with the form affidavit as provided in appendix F to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.22 (b) (see Matter of Boden, 232 AD3d 1194, 1194 [3d Dept 2024]; see also Rules of App Div, 3d Dept [22 NYCRR] § 806.22 [b] [1]). While we acknowledge that an applicant who has been resigned for an actual duration of more than two years must submit proof that he or she has earned certain continuing legal education (hereinafter CLE) credits (see Matter of Rankin, 233 AD3d 1344, 1344-1345 [3d Dept 2024]; Rules of App Div, 3d Dept [22 NYCRR] § 806.22 [b] [2]; see also Rules of App Div, All Depts [22 NYCRR] § 1500.2 [c], [d], [e], [g], [h]), we conclude that this Rule does not apply to Shim in this instance, as he made his application for reinstatement from nondisciplinary resignation in January 2025, which is less than two years following his resignation, which was granted in July 2023.
As to the substantive requirements, specifically Shim's legal education or experience, as well as his character and fitness (see Matter of Gaudioso, 159 AD3d 1217, 1218 [3d Dept 2018]; Matter of Lipman, 152 AD3d 1158, 1158 [3d Dept 2017]), he indicates that he has completed CLE credits in the State of Washington, where he is also admitted to practice, thereby demonstrating his currency in recent developments in the law. A review of Shim's submissions does not raise any character and fitness issues, inasmuch as he remains in good standing in the State of Washington, has not been the subject of professional misconduct complaints, discipline or criminal matters since his nondisciplinary resignation in this state or that he has any impairments which may limit his ability to practice law. Having resolved AGC's sole opposition to Shim's application, we grant his application and reinstate him to the practice of law.
Egan Jr., J.P., Ceresia, McShan, Powers and Mackey, JJ., concur.
ORDERED that Jeff Jinsoo Shim's application for reinstatement is granted; and it is further
ORDERED that Jeff Jinsoo Shim's name is hereby restored to the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that Jeff Jinsoo Shim shall, within 30 days of the date of this decision, file an attorney registration statement with the Chief Administrator of the Courts pursuant to Judiciary [*2]Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1.